UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFERSON-11TH STREET, LLC,

*Plaintiff,*

v.

DISTRICT OF COLUMBIA, *et al.*,

*Defendants.*

Case No. 1:19-cv-1416 (CJN)

### DEFENDANTS THE DISTRICT OF COLUMBIA AND BENJAMIN GILMORE'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND FINAL ORDER

Defendants the District of Columbia (the "District") and Benjamin Gilmore submit this opposition to Plaintiff's motion to alter or amend the Court's April 9, 2020 Order granting Defendants' motion to dismiss (the "Order"). Plaintiff has failed to establish that the Order (1) created a clear and certain prejudice to Plaintiff, and (2) is fundamentally unfair in light of governing law. Additionally, Plaintiff's motion does nothing more than attempt to relitigate old matters.

### BACKGROUND

In the interest of brevity, Defendants incorporate into the present opposition the "BACKGROUND" section in Defendants' July 19, 2019 motion to dismiss. *See* Defs.' Mot. to Dismiss [ECF No. 10 at 4-7].

The District and Mr. Gilmore filed a motion to dismiss on July 19, 2019, [10], and the Court granted the motion and dismissed the case without prejudice on April 9, 2020, [25]. The Court's dismissal was based on the doctrine of *Younger* abstention. *See generally* Mem. Op. [26]. On May 5, 2020, Plaintiff filed a motion to alter or amend the Order pursuant to Rule

59(e), asking the Court (1) to dismiss without prejudice "the Complaint" instead of "the case," and (2) to stay the matter instead of dismissing it.  *See generally* Pl.'s Mem. of P. & A. [27-1].

## LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment" after an entry of a judgment "is not routinely granted." *Harvey v. D.C.*, 949 F. Supp. 878, 879 (D.D.C. 1996).  While a Rule 59(e) motion is "discretionary[,]" the court may grant such a motion only if (1) "there is an 'intervening change of controlling law[;]'" (2) "new evidence becomes available[;]" or (3) "the judgment should be amended in order to 'correct a clear legal error or prevent manifest injustice.'"  *Leidos, Inc. v. Hellenic Republic,* 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

A Rule 59(e) motion should not be granted if a district court suspects that a losing party is using the motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *See Turner v. U.S. Capitol Police*, No. 12-45, 2014 WL 169871, at *1 (D.D.C. Jan. 16, 2014) (citation and internal quotes omitted); *see also Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011) (("Rule 59(e) motions are not granted if the court suspects that the losing party is using the motion as an instrumentality for ... asserting new arguments that could have been ... advanced earlier.") (internal citations omitted)).  "The strictness with which [Rule 59(e)] motions are viewed is justified by the need to protect both the integrity of the adversarial process . . . and the ability of the parties and others to rely on the finality of judgments." *U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos.*, 403 F.Supp.2d 34, 36 (D.D.C. 2005).

**ARGUMENT**

I. **The Court's Order Does Not Give Rise to a Manifest Injustice.**

Plaintiff argues that the Court must alter or amend its Order because the Order gives rise to a manifest injustice. Pl.'s Mem. of P. & A. [27-1 at 3]. "[M]anifest injustice" requires "at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Leidos, Inc*, 881 F.3d at 217. Plaintiff fails to satisfy either of these two prongs.

   A. **Plaintiff Fails to Identify a "Clear and Certain Prejudice."**

In its Motion, Plaintiff claims that it is prejudiced by the Court's Order because the dismissal of the case—despite being without prejudice—does not toll the statute of limitations for Plaintiff's claims. Pl.'s Mem. of P. & A. [27-1 at 3]. But by Plaintiff's own admission, the statute of limitations for each of its claims will not expire until March 30, 2021[1], *Id*. [27-1 at 7], which distinguishes this matter from the case Plaintiff primarily relies upon, *Ciralsky v. C.I.A.*, in which the Circuit Court noted that a dismissal of a case without prejudice operates as a *de facto* dismissal with prejudice when the statute of limitations has expired *at the time of dismissal*. 355 F.3d 661, 677 (D.C. Cir. 2004). Thus, there is no "clear and certain prejudice" here because, using Plaintiff's own calculation of the statute of limitations, Plaintiff's claims are not barred. At this moment, Plaintiff has more than 11 months to bring its claims in Superior Court or, if the Superior Court matter concludes before March 30, 2021, the District Court.

Plaintiff also argues that the Court's Order is prejudicial because it is final and appealable, and thus "[P]laintiff must decide now whether to appeal." Pl.'s Mem. of P. & A.

---

[1] The District and Mr. Gilmore do not concede that Plaintiff has stated an actionable claim in this case, let alone that the claims asserted in the Complaint actually accrued on March 18, 2018.

[27-1 at 5]. Plaintiff cites no authority to support the notion that a party's appeal considerations can form the basis of a "clear and certain prejudice" that merits reconsideration of a final order or judgment.

Because Plaintiff has failed to identify a "clear and certain prejudice," the Court should deny Plaintiff's motion.

### B. The Court's Order is Not Fundamentally Unfair in Light of Governing Law.

Plaintiff argues that the Court's Order is fundamentally unfair because federal abstention law requires that the Court stay, rather than dismiss, this matter. *Id.* [27-1 at 10]. But the authority that Plaintiff relies upon does not show that the Court's Order contradicts governing law. Plaintiff cites *Quackenbush v. Allstate Ins. Co.* for the principle that while the Court has the discretion to dismiss equitable claims, it lacks the discretion to dismiss damages claims. *Id.* [27-1 at 11]. First, the abstention doctrine before the Supreme Court in *Quackenbush* was *Burford* abstention, not *Younger* abstention. *See generally* 517 U.S. 706 (1996). Consequently, it can hardly be said that this Court's dismissal of Plaintiff's damages claims is fundamentally unfair in light of the Supreme Court's ruling in *Quackenbush*.

But in addition to the type of abstention at issue, the circumstances surrounding *Quackenbush* are distinguishable from this matter. The plaintiff's causes of action in *Quackenbush* were breach of contract and tort claims—i.e. pure legal damages—that were removed to federal court on diversity grounds. *Id.* at 709. The matter here, on the contrary, was initiated in this Court based on federal question jurisdiction. Additionally, it is clear from the face of the Complaint that Plaintiff primarily sought equitable relief, not legal damages. *Cf. Ford v. Tait*, 163 F.Supp.2d 57, 67 (D.D.C. 2001) (holding that *Quackenbush* did not bar the court from dismissing the plaintiff's claims for damages on abstention grounds because the

plaintiff sought "*primarily* equitable relief." (emphasis added)).  Plaintiff's first enumerated request for relief against the District and Mr. Gilmore in the Complaint is "a declaration that the [Tenant Receivership Act], as applied in the District's Receivership Case, has effected a taking of Jefferson-11th Street, LLC's private Property and Protected Property interests for a private purpose for which Jefferson-11th Street, LLC is entitled to just compensation[.]"[2]  Compl. [1 at 31-32].  Plaintiff only requests monetary damages in the "alternative" of the equitable relief it seeks—indeed, Plaintiff explicitly labelled its due process claim (Count II) as an "alternative[]" to Plaintiff's takings claim (Count I).  *Id.* [1 at 29, 32].  Now that the Court has dismissed the case pursuant to *Younger* abstention, Plaintiff cheekily tries to reframe its Complaint as one that "only . . . arguably [seeks] discretionary relief[.]"  Pl.'s Mem. of P. & A. [27-1 at 12].  The Court should reject Plaintiff's transparent argument.

Plaintiff also relies on *Carroll v. City of Mount Clemens*, a Sixth Circuit decision, for the proposition that the Court's dismissal is fundamentally unfair in light of governing law.  *Id.* [27-1 at 12].  Of course, decisions of the Sixth Circuit are not binding on this Court, and thus the ruling in *Carroll* is not "governing law" here.  But more importantly, *Carroll*, like *Quackenbush*, also purely concerned damages claims, rather than a mix of equitable and at-law claims.  139 F.3d 1072, 1074 (6th Cir. 1998).  The Third Circuit has noted that where the district court is abstaining in a case with a mix of equitable and damages claims, the court "should stay and not dismiss accompanying claims for damages and attorney fees *when such relief is not available from the ongoing state proceedings*."  *Howard v. N.J. Div. of Youth & Family Servs.*, 398 F.

---

[2]   Plaintiff argues that its request for just compensation constitutes non-discretionary, monetary relief, but the request for just compensation is clearly predicated on the equitable relief of a declaratory judgment.  Compl. [1 at 31-32].  Therefore, the Court should ignore Plaintiff's invitation to view the request for just compensation as an independent, at-law damages claim.

5

App'x 807, 811 (3d Cir. 2010) (quoting *Williams v. Hepting,* 844 F.2d 138, 144–45 (3d Cir.1988)) (emphasis added)).  The District and Mr. Gilmore recognize that decisions of the Third Circuit are also not binding on this Court; however, comparing *Howard* to *Carroll* demonstrates that there is no consensus "governing law" amongst the rest of the Circuits that renders this Court's dismissal fundamentally unfair to Plaintiff.

Because Plaintiff has failed to show that the Court's Order is fundamentally unfair in light of governing law, the Court should deny Plaintiff's motion.

**II.**     **Plaintiff is Attempting to Relitigate Old Matters.**

Plaintiff's motion boils down to two areas of concern:  (i) the notion that the Court's Order could have some impact on the statutes of limitations associated with Plaintiff's claims, and (ii) the argument that the Court should stay instead of dismiss the case.  *See generally* Pl.'s Mem. of P. & A. [27-1].  When viewed in that light, Plaintiff's motion violates the fundamental principle that Rule 59(e) does not allow parties to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Niedermeier v. Office of Baucus,* 153 F.Supp.2d 23, 28 (D.D.C. 2001).  Nothing prevented Plaintiff from raising either of these topics in its opposition to the District and Mr. Gilmore's motion to dismiss, but it chose not to do so.  *See generally* Pl.'s Opp. to Mot. to Dismiss [14].

Although Plaintiff failed to raise the topics in its opposition, the Court took them into account—or at least was aware of them—in rendering its decision.  First, the Court asked questions at the February 19, 2020 oral argument about whether to dismiss the case or stay it.  Additionally, in its Memorandum Opinion the Court specifically addressed whether Plaintiff's claims might be barred by the statute of limitations.  *See* Mem. Op. [26 at 13].

Because Plaintiff is attempting to relitigate old matters, the Court should deny Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion to alter or amend this Court's April 9, 2020 Order.

May 19, 2020

Respectfully submitted

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

*/s/ Philip A. Medley*
PHILIP A. MEDLEY [1010307]
Assistant Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 724-6626
(202) 741-5920 (fax)
philip.medley@dc.gov

*Attorneys for Defendants the District of Columbia and Benjamin Gilmore*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERSON-11TH STREET, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants.* | Case No. 1:19-cv-1416 (CJN) |

**ORDER**

Upon consideration of the Plaintiff's motion to alter or amend final order, Defendants' opposition thereto, and the record herein, it is this _____ day of _____ 2020 hereby,

**ORDERED** that Plaintiff's Motion is **DENIED.**

**SO ORDERED.**

_____
HON. CARL J. NICHOLS
United States District Court